UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JAMES HERBERT BOYD, JR. et al., Individually and on behalf of all similarly-situated individuals.<br><br>*Plaintiffs,*<br><br>v.<br><br>SFS COMMUNICATIONS, LLC , *et al.*,<br><br>*Defendants.* | Civil Action No.: 15-cv-3068 PJM |

**DEFENDANTS' JOINT MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION PURSUANT TO 29 USC 216(B) AND NOTICE**

All Defendants jointly file this Response to Plaintiffs' Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b) and Notice, showing the Court as follows:

**I.    DEFENDANTS STIPULATE TO CONDITIONAL CERTIFICATION**

Defendants are willing to stipulate to conditional certification of the collective proposed by Plaintiffs, with one difference. Plaintiffs propose the following collective: "all current and former Technicians/Installers who performed installation repair work in Maryland, Virginia and Washington, DC for SFS from September 24, 2012 to the present." However, the relevant period of time is December 4, 2012 to the present. Plaintiffs filed the Complaint in this case on October 8, 2015, and the statute of limitations period for their Fair Labor Standards Act ("FLSA") claims is, at most, three years.[1] *Butler v. DirectSat USA, LLC*, 55 F. Supp. 3d 793, 799 (D. Md. 2014).

---

[1] While the parties agreed to toll the statute of limitations as of September 24, 2015, that agreement encompassed both Plaintiffs' FLSA and state law claims, which have different limitations periods. The SFS Defendants acknowledge that Plaintiffs seek to apply a three-year statute of limitations period to this case. While the SFS Defendants are willing to stipulate to this time period for purposes of conditional

1

Accordingly, the relevant time period would have been October 8, 2012 to October 8, 2015. However, the tolling agreement entered into between the parties expired on or about September 1, 2016, along with the stay of this action. Plaintiffs waited 57 days to file their Motion for Conditional Certification and Notice, meaning that the statute of limitations has run for that period of time. Accordingly, the appropriate notice period is three years minus 57 days, or December 4, 2012-October 8, 2015.

Accordingly, Defendants are willing to stipulate to conditional certification of the following group: all current and former Technicians/Installers who performed installation repair work in Maryland, Virginia and Washington, DC for Defendant SFS Communications, LLC ("SFS") from December 4, 2012 to the present.

## II. PLAINTIFFS' PROPOSED METHOD AND MANNER OF NOTICE IS UNFAIRLY PREJUDICIAL

Defendants disagree with the manner and method of notice to the collective proposed by Plaintiffs. The trial court has broad discretion to determine the form and content of notice in collective actions. *Mendoza v. Mo's Fisherman Exchange, Inc.*, No. ELH-15-1427, 2016 WL 3440007, at *19 (D. Md. Jun. 22, 2016). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Id*. (quoting *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 574-75 (D. Md. 2012)). "The court must take pains, however, to avoid stirring up of litigation through unwarranted solicitation and to recognize that an employer should not be unduly

---

certification, they do not concede that such a statute of limitations is ultimately applicable to this case absent a willfulness finding by the Court.

2

burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *Calderon v. Geico Gen. Ins. Co.*, No. RWT 10cv1958, 2011 WL 98197, at *7 (D. Md. Jan. 12, 2011) (quoting *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 2008 WL 554114, at *4 (D. Md. Feb. 26, 2008)).

### A. Plaintiffs' Demand for Personal Phone Numbers Is Invasive and Unwarranted.

Plaintiffs seek a Court order requiring Defendants to produce a "computer-readable database" including the names, last known mailing addresses, telephone numbers, email addresses, and dates of employment for all individuals in the proposed collective. Plaintiffs' request for telephone numbers is over-reaching. Courts in this district have routinely denied the production of such personal contact information. *See Mendoza*, 2016 WL 3440007 at *20 (denying plaintiffs' request for phone numbers; "[T]here are valid privacy considerations with respect to telephone numbers, as well as a potential for deviation from the information in the approved notice if opt-in plaintiffs are contacted by telephone."); *Calderon*, 2011 WL 98197, at *9 (denying disclosure of phone numbers; "absent a showing by plaintiffs of 'special need for disclosure of class members' telephone numbers,' ordering such disclosure is not appropriate") (quoting *Arevalo v. D.J.'s Underground,* 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010)); *Schmidt v. Charleston Collision Holdings Corp.*, No. 2:14-cv-01094-PMD, 2015 WL 3767436, at *7 (D.S.C. Jun. 17, 2015) ("[C]ourts in this Circuit have required plaintiffs to show a 'special need' for the disclosure of telephone numbers."). No special circumstance warrants the disclosure of such information here.

Further, SFS does not collect the email addresses of its employees as a matter of course, and thus does not have this information for most members of the proposed collective.

3

Accordingly, Defendants respectfully request that they be ordered only to disclose the name, last known mailing address, and dates of employment for each member of the proposed collective.

> **B.  Plaintiffs' Proposed Methods of Notice Are Likely to Stir Up Litigation and Unnecessarily Prejudice Defendants.**
>
> *1.  Posting Notice at CUI's Warehouses Fails to Narrowly Target Collective and Risks Unnecessary Harm to CUI.*

Plaintiffs seek to provide notice of this lawsuit to the collective through far more avenues than U.S. Mail.  First, they request an order compelling Defendants to post a copy of the notice in "an appropriate, visible, accessible location at each SFS/CUI warehouse, for the duration of this lawsuit or until otherwise ordered."  (Dkt. 37-15, at 2).   This proposal is not sufficiently tailored to notify members of the collective only. SFS technicians work out of warehouses owned and operated by CUI. This means that CUI's own technicians, as well as those of CUI's other sub-contractors, also work out of these warehouses.  Forcing CUI to post a public notice of this lawsuit to all of its employees in order to reach the small portion of SFS technicians visiting its facilities would be unnecessarily burdensome, intrusive of its business operations, and likely to stir up litigation among its own employees, who are not the target of Plaintiffs' suit.  As Plaintiffs also propose to send notice to current and former SFS technicians through other means, the risk of unfair prejudice to CUI far outweighs the need for this intrusive method of notification.[2]  *See Calderon*, 2011 WL 98197, at *8 (declining plaintiffs' request to force defendant to post notice of lawsuit in its offices, where most members of proposed collective worked remotely; "requiring [defendant] to post notices at its regional offices would therefore be unnecessarily intrusive while concomitantly serving little purpose").  Finally, Plaintiffs' request

---

[2] Defendants also note that there are far more effective ways to ensure SFS's current employees receive notice of the suit, including providing them with a copy of the notice with their paychecks.

...

to have such a notice posted for the duration of the entire lawsuit is completely inappropriate, given that individuals may only opt in during a defined notice period.

### 2. *A 90-Day Notice Period Is Unwarranted.*

Plaintiffs next request a 90-day period for members of the collective to opt in. Plaintiffs provide no reason why such a lengthy notice period is necessary, stating only that courts have "routinely" determined that such a notice period is reasonable. However, a review of case law reveals that 90 days is not the norm. Instead, "courts in this circuit routinely find that an opt-in period between 30-60 days is appropriate." *Byard v. Verizon West Va., Inc.*, 287 F.R.D. 365, 373 (N.D. W. Va. 2012). *Hargrove v. Ryla Teleservices, Inc.,* No. 2:11-cv-344, 2012 WL 463442 (Feb. 13, 2012) (60-day notice period); *Schmidt*, 2015 WL 3767436, at *7 (60-day notice period); *LaFleur*, 2012 WL 4739534, at *11-12 (imposing 60-day notice period when plaintiffs requested 90).

Here, the proposed collective constitutes approximately 100 people, most of whom are located within the Washington, DC metropolitan area. (Plaintiffs' Memorandum, Dkt. 37-1, at 10). Courts regularly find notice periods of 60 days or less sufficient for such cases. *See Guzelgurgenli v. Prime Time Specials Inc.,* 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) ("Generally, courts have held that a sixty (60)-day period is sufficient for the return of Consent Forms, particularly where, as here, the proposed class is relatively localized and not extremely large.") (quoting *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 85 (E.D.N.Y. 2008)). There are no unique circumstances warranting a lengthy notice period. *See id.* ("While some courts have granted up to 90 day opt-in periods, they generally do so only where the period is agreed upon between the parties or special circumstances require an extended opt-in period.") (quoting

5

*Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F. Supp. 2d 445, 452 (S.D.N.Y. 2011)). Accordingly, Defendants request a notice period lasting no longer than 45 days.

### 3. *A Reminder Notice Is Likely To Stir Up Litigation*.

Plaintiffs propose that the notice and consent-to-join forms be mailed by First-Class mail to the proposed collective. Thereafter, Plaintiffs seek leave to send a reminder postcard midway through the notice period. Plaintiffs present no reason why such a reminder is necessary, and they ignore the reality that "reminder notices [have] the potential to unnecessarily 'stir up litigation.'" *Calderon*, 2011 WL 98197, at *8. Indeed, "numerous district courts around the country have found that reminder notices have a tendency to both stir up litigation, and inappropriately encourage putative plaintiffs to join the suit." *Byard*, 287 F.R.D. at 373 (internal citations omitted). *See also LaFleur*, 2012 WL 4739534, at *12 (denying plaintiffs' request to mail reminder notice). Plaintiffs present no reason why the initial mailing is insufficient to provide members of the collective with adequate notice of their rights. *Byard*, 287 F.R.D. at 373 (denying request for a reminder notice where notice period is only sixty days; "The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit.") (quoting *Witteman v. Wisconsin Bell, Inc.*, No. 09-440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010)). Accordingly, Defendants request that the Court deny Plaintiffs' request for a reminder notice. *See Guzelgurgenli*, 883 F. Supp. 2d at 358 (denying plaintiffs' request to send a reminder notice, as they "have not identified any reason why a reminder notice is necessary in this particular case").

4.      *Plaintiffs' "Social Media Plan" Is Wholly Unwarranted.*

In addition to mailing and posting written notice at CUI's warehouses, Plaintiffs also seek to electronically post notice of this lawsuit on a website and Facebook.[3]  In support of this proposed social media campaign, Plaintiffs argue such publicity is warranted because Defendants failed to maintain time records for members of the proposed collective.  Because Defendants' records are purportedly unreliable, Plaintiffs contend, the use of social media and online advertising is necessary to ensure adequate notice to the whole class.

Plaintiffs' argument lacks merit.  First, SFS maintains payroll records for its technicians, and therefore has adequate documentation to ensure everyone in the collective is properly identified without the need for social media.  Further, Plaintiffs' proposed social media blitz is vastly overbroad.  With respect to the Facebook posting, Plaintiffs propose targeting "males in the 18-65 age range within Maryland, Washington, DC and Alexandria, Virginia." Such an advertisement would effectively publish the existence of this lawsuit to almost every single male with a Facebook account within the DC metro area.  Given that the proposed collective numbers, at most, 100 people, no justification exists for a publication of this magnitude.

The two cases Plaintiffs cite in which social media has been used for notice purposes support this point.  In *Mendoza*, plaintiffs proposed the use of Facebook and a website to ensure notice to a class of individuals who largely "worked off the books and were paid only in cash," rendering the defendant employer's payroll records insufficient to ensure proper notice.  2016 WL 3440007, at *21.  Further, the *Mendoza* plaintiffs sought to use these platforms to advertise

---

[3] As SFS does not have a website of its own, the existence of this proposed site threatens to confuse and mislead the public regarding the source and origination of this material.

7

the lawsuit in both Spanish and English. *Id.* Additionally, they submitted affidavits from members of the collective stating that they actively used the internet and social media as a means for obtaining information. *Id.* None of these considerations apply here.

Likewise, in *Woods v. Vector Mktg. Corp.,* the court allowed the use of Facebook to ensure notice to a potential collective numbering nearly *500,000* people. No. C-14-0264-EMC, 2015 WL 1198593, at *4 (N.D. Cal. Mar. 16, 2015). Moreover, "a substantial majority of the potential plaintiffs [were] college-aged," meaning that they were likely a population that had moved frequently in recent years but was "particularly likely to maintain a social networking presence." *Id*. at *5. None of these unique considerations have any applicability to the current potential plaintiff class before the Court.

Publication of this lawsuit on such a wide scale is wholly unwarranted by the facts and scope of this case and are likely to cause unnecessary reputational harm to the Defendants. Accordingly, Defendants request that the Court deny Plaintiffs' request for the use of a website and Facebook to notify potential plaintiffs.

C.   **THE CONTENT OF PLAINTIFFS' PROPOSED NOTICE NEEDS REVISION.**

Plaintiffs' proposed notice form necessitates several revisions to ensure that it is fair and unbiased. Defendants propose the following edits:

- Because Plaintiffs have titled the form "Court Authorized Notice," Defendants request that the last paragraph from Plaintiffs' form be moved to the very beginning, notifying potential plaintiffs that the Court takes no position regarding the merits of this case.

8

Otherwise, this message is buried and may mislead recipients into believing that the Court is promoting or encouraging the suit.

- In the third paragraph of the introduction, replace the phrase "related employers" with "related entities." The CUI entities absolutely deny that they are or ever have been employers of potential plaintiffs.

- Defendants request that the name, addresses and phone numbers of their counsel be added to the notice, along with a statement informing potential plaintiffs that if they wish to do so, they may contact them with any questions or concerns. *See Moore v. Eagle Sanitation, Inc.,* 276 F.R.D. 54, 61 (E.D.N.Y. 2011) (allowing inclusion of defense counsel's name and contact information and citing to other cases allowing for the same).

- Defendants request that the paragraph titled "No Retaliation Permitted" be removed in its entirety. There are <u>no</u> allegations of retaliation in Plaintiffs' Complaint, and absolutely <u>no</u> evidence that Defendants have retaliated against anyone in relation to this case. Inclusion of this paragraph is unfairly prejudicial and intended to stir up litigation. At a minimum, Defendants request that the final sentence related to contacting Plaintiffs' counsel be removed to avoid the implication that litigation is encouraged.

- Within the paragraph titled "Effect of Joining This Lawsuit," Defendants request revisions to the sentences regarding attorneys' fees. Plaintiffs' draft states: "<u>You will not need to pay any attorneys' fees</u>. If there is a recovery, the attorneys will be paid by the Defendants." Defendants presume that Plaintiffs' counsel has a contingency agreement with Plaintiffs, such that attorneys' fees will be paid out of the total damages awarded to

9

Plaintiffs. Accordingly, Plaintiffs will have to pay attorneys' fees out of their recovery. Defendants request that these statements be revised to make the details of the contingency agreement in place clear, including the specific contingency fee percentage to which Plaintiffs' counsel are entitled. *See Byard*, 287 F.R.D. at 375 (ordering that notice inform the putative class "of any arrangements regarding attorneys' fees and costs that they might be entering, including the contingency fee percentage") (internal citations and quotations omitted).

- Defendants also request that a sentence be added to the above paragraph regarding the fact that Plaintiffs may have to pay costs in the event that they lose. *See Byard*, 287 F.R.D. at 375 ("The disclosure of this possibility [an award of costs to a prevailing defendant] will accordingly serve the overarching purposes of the notice, i.e., allowing putative plaintiffs to 'make informed decisions about whether to participate.'") (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)); Moore, 276 F.R.D. at 61 (granting defendants' request to add statement that potential plaintiffs may be required to pay costs if they do not prevail).

### III. CONCLUSION

In light of the foregoing, Defendants respectfully request that the Court grant Plaintiffs' Motion for Conditional Certification and Notice with the modifications outlined herein.

Respectfully submitted this 17th day of November, 2016.

        s/ Doreen M. Edelman
        Doreen M. Edelman (MD Bar No. E345149566320)
        Baker Donelson Bearman
          Caldwell & Berkowitz, P.C.

901 K Street, N.W., Suite 900
Washington, DC  20001
T: (202) 508-3460
F: (202) 220-2260
Email: dedelman@bakerdonelson.com

**Attorney for Defendants SFS Communications, LLC and Ferdous Ahmed Sharif**


<u>s/K. Nichole Nesbitt</u>
K. Nichole Nesbitt
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
knn@gdldlaw.com

**Attorney for CUI Defendants**

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing *Defendants' Joint Memorandum in Response to Plaintiffs' Motion for Conditional Certification Pursuant to 29 U.S.C. § 2016(b) and Notice* by filing the same using the Court's ECF system, which will automatically send notification to the following attorney of record:

Omar Vincent Melehy
Robert Porter
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehyiaw.com
rporter@melehylaw.com

K. Nichole Nesbitt
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
knn@gdldlaw.com

Joseph B. Espo
Jessica P. Weber
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
jbe@browngold.com
jweber@browngold.com

Sam J. Smith
Rachael L. Wood
BURR & SMITH, LLP 111
2nd Avenue NE, Suite 1100
Tampa, Florida 33606
ssmith@burrandsmithlaw.com

This 17th day of November, 2016.

        s/ Doreen M. Edelman
        Doreen M. Edelman (MD Bar No. E345149566320)
        Baker Donelson Bearman
          Caldwell & Berkowitz, P.C.
        901 K Street, N.W., Suite 900
        Washington, DC  20001
        T: (202) 508-3460
        F: (202) 220-2260 dedelman@bakerdonelson.com

        **Attorney for Defendants SFS Communications, LLC and Ferdous Ahmed Sharif**

4849-0112-2108 v1
2935248-000001 11/17/2016