IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES HERBERT BOYD, JR., *et al.*,　　　＊

　　Plaintiffs,　　＊

v.　　＊　　Civil No. PJM-15-3068

SFS COMMUNICATIONS, LLC, *et al.*,　　＊

　　Defendants.　　＊

＊　＊　＊　＊　＊　＊

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the "Motion for Entry of a Default Judgment and Other Sanctions against SFS Communications, LLC, and Ferdous Ahmed Sharif" ("Motion") (ECF No. 95) filed by Plaintiffs James Herbert Boyd, Jr., *et al*. On August 15, 2017, Judge Messitte referred this case to me for all discovery and related scheduling matters. (ECF No. 66.) Having considered the submissions of the parties (ECF Nos. 95, 97, 98, 99 & 100), I find that a hearing is unnecessary.[1] *See* Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiffs' Motion be granted in part and denied in part.

**I.　PROCEDURAL HISTORY**

Plaintiffs filed this putative collective action against Defendants on October 8, 2015, asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law, Md. Code Ann., Lab & Empl. §§ 3-413 and 3-415; and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab & Empl. §§ 3-502, 3-503, 3-505, and 3-507.2. (ECF No. 1.) On January 27, 2017, the Court conditionally certified the case pursuant to

---

[1] The "Motion for Leave to File Sur-Reply to Plaintiffs' Motion for Default Judgment" (ECF No. 100) filed by Defendants CU Employment, Inc*., et al.* is granted.

29 U.S.C. § 216(b). (ECF Nos. 48 & 49.) The Court entered a Scheduling Order on June 6, 2017, which was modified at the request of the parties to include a discovery deadline of March 16, 2018. (ECF Nos. 58 & 60.)

On August 14, 2017, Plaintiffs filed a motion to compel answers to interrogatories and responses to document production requests from Defendants SFS Communications, LLC ("SFS") and Ferdous Ahmed Sharif ("Sharif"). (ECF No. 65.) Before Plaintiffs' motion was fully briefed, the parties filed a joint motion for a "sixty (60) day stay of all proceedings while the parties explore the possibility of settlement." (ECF No. 68.) The Court granted the parties' joint motion and stayed the case until October 28, 2017. (ECF No. 69.) Before the expiration of the stay, the parties filed a joint motion to extend the stay until December 27, 2017. (ECF No. 70.) The Court granted this motion, extending the stay until December 27, 2017. (ECF No. 71.)

On February 21, 2018, the parties filed a "Joint Motion to Lift Stay of Proceedings and Enter Scheduling Order" (ECF No. 76).[2] In this motion, the parties stated that they were unable to resolve the matter through mediation, and requested that the Court lift the stay and issue a new scheduling order with a discovery deadline of October 26, 2018. (*Id.* at 2.) The court granted the parties' motion and denied the parties' previously filed motion to compel (ECF No. 65) as moot. (ECF Nos. 77 & 78.)

Plaintiffs renewed their previously filed motion to compel on March 16, 2018.[3] (ECF No. 80.) In their response to the renewed motion to compel, SFS and Sharif acknowledged that "they

---

[2] The motion was filed on behalf of Plaintiffs and Defendants CU Employment, Inc., Communications Unlimited Contracting Services, Inc., Communications Unlimited, Inc., Jack Spears, and Martin C. Rocha (collectively, "CUI Defendants"). SFS and Sharif did not communicate their position on the motion to the parties or to the Court.

[3] Plaintiffs also requested that the Court reconsider its order denying their previously filed motion to compel as moot. The Court denied this request and directed that any response to the renewed motion to compel be filed by March 22, 2018. (ECF No. 81.)

must now participate in discovery," and requested "a period of 30 days to prepare substantive written responses and compile documents responsive to Plaintiffs' discovery requests." (ECF No. 82 at 2.) The Court held an informal telephone conference with the parties on March 29, 2018. (ECF No. 85.) At the conclusion of the call, the Court directed SFS and Sharif to provide their discovery responses to Plaintiffs no later than April 27, 2018. The Plaintiffs' renewed motion to compel was again found to be moot. (ECF No. 86.)

On April 16, 2018, counsel for SFS and Sharif filed a Motion to Withdraw. (ECF No. 87.) In the motion, counsel advised the Court that they had advised their clients "that SFS would be required to retain new counsel and have him/her file a notice of appearance in this action; and that Sharif has the option to retain new counsel, or provide notice to the Clerk of the Court that he intends to proceed without counsel." (*Id.* at 1-2.) The Court entered a Memorandum on May 9, 2018, regarding the Motion to Withdraw. (ECF No. 91.) The Court indicated that it was inclined to grant the motion, but that "Local Rule 101.1(a) requires that all parties other than individuals must be represented by counsel." (*Id.*) Noting that new counsel for SFS had not yet entered an appearance, the Court stated that SFS would have 20 days to obtain new counsel, and that if new counsel did not enter an appearance in that time, the Court would be "prepared to grant the Motion to Withdraw and entertain any Motion for Default Judgment as to SFS." (*Id.*) The Court deferred ruling on the Motion to Withdraw. (*Id.*)

On April 30, 2018, Plaintiffs filed their "Second Motion to Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents, and for Sanctions" (ECF No. 89). In that motion, which was Plaintiffs' third attempt to obtain an order compelling the production of discovery from SFS and Sharif, Plaintiffs reported that SFS and Sharif had "improperly refused to respond to proper discovery because of their own statement – for a

3

second time – that a bankruptcy filing is near." (*Id.* at 1.) Plaintiffs stated that SFS and Sharif had not provided the discovery responses by April 27, 2018, as they had previously promised. (*Id.*) SFS and Sharif did not file a substantive response to the motion.[4]

The Court granted Plaintiffs' Second Motion to Compel. (ECF No. 94.) The Court ordered SFS and Sharif to "produce full and complete Answers to Interrogatories, Responses to Plaintiffs' Requests for Production of Documents, and all responsive documents" by June 1, 2018. (*Id.*) The Court warned SFS and Sharif that failure to comply with the Court's Order could result in the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

(*Id.*)

On June 6, 2018, Plaintiffs filed the Motion for Entry of a Default Judgment (ECF No. 95). In the Motion, Plaintiffs state that SFS and Sharif did not comply with the Court's Order granting Plaintiffs' Second Motion to Compel (ECF No. 94), that SFS did not appear for its properly noted deposition, and that SFS has failed to obtained new counsel. SFS and Sharif have not responded to the Motion and the time for doing so has passed. *See* Loc. R. 105.2.

---

[4] Counsel for SFS and Sharif filed a response that stated that they had "provided notice of Plaintiffs' Second Motion to Compel to their clients, but have received no response. Accordingly, they are unable to file a substantive response to the Motion." (ECF No. 93.)

4

## II. ANALYSIS

### A. Failure to Respond to Discovery and Noncompliance with Court Order

Plaintiffs state that neither SFS nor Sharif has "responded to Plaintiffs' discovery as they were directed to in this Court's May 29, 2018, Order. Dkt. 94." (ECF Nos. 95-1 at 3 & 95-2 at 2.)

District courts have the authority to enter a default judgment against a party as a discovery sanction. Under Rule 37(b)(2)(A), courts can sanction a party by entering a default judgment against them if the party "fails to obey an order to provide or permit discovery." Similarly, under Rule 37(d), courts can enter default judgment as a sanction against a party who, "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."

While a district court has broad discretion to impose sanctions under Rule 37, "[w]hen the sanction involved is judgment by default, the district court's 'range of discretion is more narrow' because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (quoting *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 503-04 (4th Cir. 1977)).

The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37. The Court must consider:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (citing *Wilson*, 561 F.2d at 503-04). The "extreme sanction" of default judgment is reserved for "only the most flagrant case, where the party's

noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Id.*

Here, all of the factors weigh in favor of the entry of default judgment against SFS and Sharif. With regard to the first factor, the bad faith of SFS and Sharif, the defendants failed to respond to Plaintiffs' discovery requests on three separate occasions, which resulted in Plaintiffs having to file three motions to compel. In March 2018, the defendants promised to produce responses to the discovery requests, but failed to do so. In May 2018, after the Court ordered the defendants to produce responses to the discovery requests, they again failed to do so. SFS and Sharif's noncompliance and dilatory tactics indicate that they have acted in bad faith. Initially, SFS and Sharif stated that they would be filing for bankruptcy, but they did not do so. Later, they promised to produce responses to the discovery requests, but they did not do so. Finally, after their attorneys communicated that Plaintiffs had again moved to compel discovery responses, SFS and Sharif did not respond to their attorneys. I find that SFS and Sharif have acted in bad faith in failing to produce responses to Plaintiffs' discovery requests and in failing to comply with the Court's Order of May 29, 2018. *See Lance v. Megabus Northeast, LLC*, No. PWG-16-3459, 2017 WL 3480800, at *3 (D. Md. Aug. 14, 2017) ("[N]oncompliance with discovery orders supports a finding of bad faith.").

Consideration of the second factor, the amount of prejudice to Plaintiffs, also weighs in favor of severe sanctions against SFS and Sharif. Plaintiffs' discovery requests relate to issues of liability and damages that are central to Plaintiffs' claims. "The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available." *Middlebrooks v. Sebelius*, No. PJM-04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009). Without discovery from SFS and Sharif, Plaintiffs are

hampered in their ability to prove their claims. The prejudice to Plaintiffs' from SFS and Sharif's failure to produce discovery responses is substantial and warrants a severe sanction.

With regard to the third factor, the need for deterrence, SFS and Sharif have failed to comply with the Federal Rules regarding their discovery obligations and have ignored the Court's Order directing them to produce discovery responses. Such conduct "must obviously be deterred." *Id.* (quoting *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (noting that "not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct")).

As for the fourth factor, the effectiveness of less drastic sanctions, I find that any sanction less drastic than default judgment will not be effective. The Court previously warned SFS and Sharif that noncompliance with its Order of May 29, 2018, could result in sanctions, including the entry of default judgment against them. Nonetheless, SFS and Sharif ignored the Court's Order. There is no reason to believe that a sanction less drastic than default judgment will be effective. *See Lance*, 2017 WL 3480800, at *2 (considering "whether the party facing dismissal or a default judgment is aware of these possible sanctions").

In consideration of the four *Wilson* factors, I find that default judgment is warranted as a sanction against SFS and Sharif for their failure to respond to Plaintiffs' interrogatories and document production requests, and for their failure to comply with the Court's Order of May 29, 2018.[5] I recommend that the Court enter default judgment as to liability against SFS and Sharif,

---

[5] Because I recommend that default judgment be entered against SFS and Sharif for failing to produce discovery responses and for noncompliance with the Court's May 29, 2018, Order, I do not reach the issue of whether default judgment is also warranted (1) against SFS or Sharif for SFS's failure to attend its deposition (*see* ECF No. 95-1 at 6 n.1); or (2) because of SFS's failure to obtain counsel, as required by Local Rule 101.1(a). Both of these issues were

and "that damages and attorneys' fees and costs . . . be determined at the same time and in the same manner as against the non-defaulting Defendants." (*See* ECF No. 95-7 at 1.)

  **B. Propriety of Additional Sanctions**

Plaintiffs also request that the Court prohibit SFS and Sharif "call[ing] any witnesses, offer[ing] any evidence, or testify[ing] at any further proceedings in this case." (ECF No. 95-1 at 7.) The CUI Defendants oppose this request in part.[6] (ECF No. 97.) They argue that Sharif has knowledge relevant to Plaintiffs' claims against the CUI Defendants, and that the CUI Defendants should not be prevented from calling Sharif as a witness at trial. "Precluding [Sharif] from offering testimony at a trial of this matter . . . would be prejudicial to the CUI Defendants who have no control over SFS or [Sharif] and are not responsible for [their misconduct during discovery]." (*Id.* at 2.)

Plaintiffs rely on three cases to support their position that barring Sharif from testifying as a witness at trial is an appropriate sanction: *In re Rood*, 482 B.R. 132 (D. Md. 2012); *S. Mgmt. Corp. Ret. Tr. v. Rood*, 532 F. App'x 370 (4th Cir. 2013); and *Angiodynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283 (D. Mass. 2014). The CUI Defendants argue that these cases are factually distinguishable.

In *Angiodynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, the court entered default judgment against the defendants for committing several egregious discovery violations. One of the most serious discovery violations was the defendants' refusal to produce their managing

---

only addressed in passing in Plaintiffs' Motion. The bulk of the Motion was directed at the issue of default judgment as a sanction for SFS and Sharif's dilatory conduct during discovery and noncompliance with the Court's Order of May 29, 2018.

 [6] The CUI Defendants do not argue that SFS or Sharif should be permitted to call any witnesses or offer evidence on their own behalf (related to issues other than damages or attorneys' fees and costs) at any trial in this case. I recommend that the Court prohibit SFS and Sharif from calling any witnesses or offering any evidence on their own behalf related to issues other than damages and attorneys' fees and costs in any further proceedings in this case.

agents for continued depositions. Because the defendants had refused to produce their managing agents for depositions, the court stated that it would be unfair to consider the affidavits that the managing agents submitted in connection with the defendants' motion for summary judgment because "Plaintiff ha[d] not had a full opportunity to depose the witnesses." *Id.* at 297. Throughout the opinion, the court summarized how the defendants and their chief executive officer were responsible for the discovery violations, including the refusal to produce the managing agents for a continued deposition.

The facts in *Angiodynamics* are unlike the facts in this case. Most importantly, that case concerned a party's efforts to keep its own agents from providing discovery. Here, the CUI Defendants did not cause SFS or Sharif to flout the rules of discovery and violate the Court's orders.[7] Had the CUI Defendants been responsible for SFS and Sharif's refusal to produce discovery and the refusal of SFS to appear for its deposition, the relief that Plaintiffs seek would be warranted. But there is no indication, as there was in *Angiodynamics*, that the CUI Defendants are responsible for the misconduct of SFS and Sharif.

---

[7] Plaintiffs argue that the CUI Defendants "have had, over the course of this litigation, a substantial ability to influence Sharif's conduct but have chosen not to exert this power for purposes of discovery." (ECF No. 98 at 2.) In support of this argument, Plaintiffs point to (1) the CUI Defendants' business relationship with SFS and Sharif, (2) the fact that the CUI Defendants paid SFS nearly $1 million in 2017, (3) the fact that the CUI Defendants deducted its legal costs in this case from its payments to SFS, and (4) the CUI Defendant's non-appearance at the May 24, 2018, deposition of SFS. (*Id.* at 2-3.) Had the CUI Defendants truly desired for SFS and Sharif to comply with their discovery obligations and this Court's orders, Plaintiffs argue, the CUI Defendants could have "used their economic leverage to direct SFS and Sharif to participate in discovery." (*Id.* at 3.) Plaintiffs further argue that the CUI Defendants are planning to "wait until trial to question Sharif about matters relevant to this case and their defense." (*Id.*) I do not find that these facts establish that the CUI Defendants had the "substantial ability" to influence Sharif's conduct in this case. According to the CUI Defendants, the legal costs were deducted from the payments to SFS pursuant to an indemnification agreement, and the CUI Defendants did not appear at the SFS deposition because they learned from SFS's counsel that SFS would likely not appear for the deposition. (ECF No. 100-1 at 3-4.)

The circumstances of *In re Rood*, where this Court affirmed the judgment of the United States Bankruptcy Court following a bench trial, are similar to the present case. 482 B.R. 132. As part of its ruling, this Court affirmed the bankruptcy court's order imposing sanctions against a debtor, Robert F. Rood, IV ("Rood"), for Rood's violations of discovery orders. As part of its sanction, the bankruptcy court prohibited Rood "from giving testimony" in the case. *Id.* at 149. When another party sought to call Rood as a witness during the trial, the bankruptcy court ordered that Rood would not be allowed to testify because of the sanctions order. Upon review of the decision of the bankruptcy court, this Court noted that "there are conflicting considerations involved" when a party seeks to call a sanctioned party to testify as a witness. *Id.* at 150. "On the one hand, [the party seeking to call the sanctioned party] was effectively sanctioned for the conduct of Mr. Rood. On the other hand, permitting Mr. Rood to testify as a witness . . . would likely have constituted an end-run around the sanction." *Id.* The Court considered the degree of prejudice that the party seeking to call Rood as a witness suffered as a result of the bankruptcy court's ruling, and found that no prejudice resulted from the ruling. Accordingly, the Court affirmed the sanctions order imposed by the bankruptcy court. *Id.*

This Court's decision in *Rood* was affirmed by the Fourth Circuit in an unpublished decision. *S. Mgmt Corp. Ret. Tr.*, 532 F. App'x 370. The Fourth Circuit held that "in light of Rood's continuing violations of discovery orders and failure to comply with the bankruptcy court's prior sanctions order, the bankruptcy court did not abuse its discretion by prohibiting Rood from testifying or presenting evidence." *Id.* at 373.

There is a significant procedural distinction between this case and the circumstances in *Rood*. In *Rood*, the Court considered whether to preclude a sanctioned witness from testifying during the course of a trial. Because the decision was made during the trial, the Court was able to

10

consider the actual implications of precluding the witness from testifying on behalf of another party. Here, the Court is asked to make a decision in the abstract, without the benefit of a proffer of what Sharif's testimony will even be. As such, it is challenging to consider how Plaintiffs will be prejudiced if the testimony is allowed, or how the CUI Defendants will be prejudiced if the testimony is not allowed. For this reason, this Court's decision in *Rood* is of little persuasive value.

As the Court recognized in *Rood*, there are competing interests at stake when a party seeks to call a sanctioned party to testify as a witness. The CUI Defendants have an interest in presenting evidence that is relevant to their defense. At the same time, Plaintiffs should not be ambushed during trial by a witness who has not complied with the rules of discovery and the orders of this Court. At this stage, I find that prohibiting Sharif from testifying on behalf of the CUI Defendants is not warranted. I recommend that the Court deny Plaintiffs' motion to the extent that it seeks an order precluding Sharif from offering testimony if called as a witness by the CUI Defendants, without prejudice to the Plaintiffs' right to renew the motion as a motion *in limine* at a later time.

Barring the CUI Defendants from calling Sharif as a witness would protect Plaintiffs from unfair prejudice, but it could also unfairly prejudice the CUI Defendants. A decision on this issue should be made by the trial court based on a proffer of Sharif's likely testimony and an analysis of the importance of that testimony to the issues at stake and the degree to which the CUI Defendants have attempted to obtain the same evidence through less objectionable and potentially prejudicial means.

At this time, it is not clear what testimony Sharif will offer if called as a witness by the CUI Defendants, and it is equally unclear how important that testimony might be to the issues in

dispute. The discovery deadline is still more than one month away. It would be prudent for the CUI Defendants to attempt to obtain whatever evidence they would otherwise offer through Sharif's testimony from sources whose admissibility cannot be as readily challenged. The diligence of the CUI Defendants in attempting to obtain such evidence from other sources during discovery will be relevant if Plaintiffs renew their motion to preclude Sharif from testifying as a witness during the trial.

For these reasons, I respectfully recommend that the Court deny without prejudice Plaintiffs' request for an order prohibiting Sharif from testifying at trial if called as a witness by the CUI Defendants. I further recommend that Plaintiffs be granted leave to renew their request for an order prohibiting Sharif from testifying in a motion *in limine*, at which time the Court will be in a better position to evaluate the competing interests at stake.

## III. CONCLUSION

In sum, I recommend that the Court grant in part and deny in part Plaintiffs James Herbert Boyd, Jr., *et al.*'s "Motion for Entry of a Default Judgment and Other Sanctions against SFS Communications, LLC, and Ferdous Ahmed Sharif" (ECF No. 95). Specifically, I recommend that the Court:

1. **GRANT** the Motion to the extent that it seeks the entry of a default judgment against SFS Communications, LLC, and Ferdous Ahmed Sharif as to liability;

2. **ORDER** that damages and attorneys' fees and costs be determined at the same time and in the same manner as against the non-defaulting Defendants;

3. **GRANT** the Motion to the extent that it seeks an order prohibiting SFS Communications, LLC and Ferdous Ahmed Sharif from calling any witnesses or offering any

evidence on their own behalf related to issues other than damages and attorneys' fees and costs in any further proceedings in this case; and

    4.    **DENY WITHOUT PREJUDICE** the Motion to the extent that it seeks an order barring any other party from calling SFS Communications, LLC, or Ferdous Ahmed Sharif to testify as a witness at the trial of this case.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants SFS Communications, LLC, and Ferdous Ahmed Sharif. Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

<u>September 5, 2018</u>              <u>/s/</u>
Date                         Timothy J. Sullivan
                             United States Magistrate Judge